# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| CRAIG CUNNINGHAM, § | |
|    *Plaintiff,* § | |
| § | Civil Action No.  4:20-CV-00294 |
| v. § | Judge Mazzant |
| RADIUS GLOBAL SOLUTIONS LLC and § | |
| JOHN/JANE DOES 1-5, § | |
|    *Defendants.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Radius Global Solutions LLC's ("Radius") Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim (Dkt. #6). Plaintiff Craig Cunningham ("Cunningham") filed this suit alleging that Radius violated the Telephone Consumer Protection Act ("TCPA"), the Fair Debt Collection Practices Act ("FDCPA"), the Texas Finance Code 392 ("TDCA"), and the Texas Business and Commerce Code § 305.053 by calling him.

In response to Cunningham's allegations, Radius filed this Motion to Dismiss, seeking dismissal of Cunningham's claims under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Cunningham responded to this Motion on July 6, 2020 (Dkt. #7), and Radius replied on July 20, 2020. (Dkt. #13). Having considered the motion, the response, the reply, the relevant pleadings, and the applicable law, the Court finds that defendant Radius' Motion to Dismiss for Lack of Subject Matter Jurisdiction and For Failure to State a Claim (Dkt. #6) is hereby **GRANTED IN PART** and **DENIED IN PART.**

**BACKGROUND**

Cunningham's complaint against Radius arises from a single missed call. Defendant Radius is a debt collection LLC based out of Minnesota. Cunningham received a phone call from a number listed as 629-206-3980 on October 23, 2019. (Dkt. #1 ¶ 7). After missing the call, Cunningham called the number back thinking it could have been a friend or loved one living in Tennessee due to the area code (Dkt. #1 ¶ 9). Cunningham argued the call was unlawful because he never gave consent for the call and it was for non-emergency purposes. (Dkt. #1 ¶ 7). Cunningham further argued having to return the call only to have Radius answer "wasted Plaintiff's time by causing his phone to ring and distracting him from his work." (Dkt. #7 at p. 2-3).

Radius's Motion to Dismiss alleges that, under Rule 12(b)(1), the Court does not have subject matter jurisdiction because Cunningham failed to establish a concrete injury-in-fact thus depriving him of Article III standing. (Dkt. #6 at p. 6). Additionally, Radius moves to dismiss under Rule 12(b)(6), arguing that Cunningham has failed to allege facts sufficient to give rise to a reasonable inference that Radius called him with an Automatic Telephone Dialing System ("ATDS") in violation of the TCPA. 47 U.S.C. § 227(b)(1)(A). (Dkt. #6 at p. 8).

Cunningham responds by asserting he has shown an injury-in-fact as the TCPA is accompanied by and supported with the FDCPA violation. (Dkt. #7 at p. 3). Cunningham also asserts that Radius admitted to using an ATDS when it called him. (Dkt. #7 at p. 3).

**LEGAL STANDARD**

### A. Rule 12(b)(1)

"Different standards apply when a litigant challenges standing on a FED. R. CIV. P. 12(b) motion than on a motion for summary judgment under FED. R. CIV. P. 56." *Cramer v. Skinner*, 931 F.2d 1020, 1024 (5th Cir. 1991). Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court lacks the "statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998); *accord* FED. R. CIV. PRO 12(b)(1). If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'") (citing *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990)); *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter

3

jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief. *Lane*, 529 F.3d at 557.

### B. Rule 12(b)(6)

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "'A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the

complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing [C]ourt to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

### I. Motion to Dismiss for Lack of Subject Matter Jurisdiction Under the TCPA

Radius argues this Court lacks subject matter jurisdiction because Cunningham lacks standing to bring this claim. (Dkt. # 6 at p. 6).

The TCPA, in its relevant part, states

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order by the Commission under paragraph (2)(B).

47 U.S.C. § 227(b)(1)(B). The Act creates a private right of action where a person or entity may seek compensatory or injunctive relief against those who violate the Act. *Id*. at § 227(b)(3).

A plaintiff invoking federal jurisdiction bears the burden of establishing the "irreducible constitutional minimum" of standing by demonstrating "(1) an injury in fact, (2) fairly traceable to the challenged conduct of the defendant, and (3) likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). The Motion to Dismiss primarily concerns the first element of injury in fact. "A plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a right and purports to authorize a suit to vindicate it. *Id*. at 1549. To establish injury in fact, Cunningham must show that he "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id*. at 1548 (Citing *Lujan v. Defenders of Wildlife, et al.*, 504 U.S. 555, 560 (1992)). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id*. (citing *Daimler Chrysler Corp. v. Charlotte Cuno et al.*, 547 U.S. 332, 342 (2006)). "A 'concrete' injury must be 'de facto'; that is, it must actually exist." *Id*. The Supreme Court noted that the use of the word "concrete" conveys a meaning of "real" and not "abstract." *Id*.

The Court finds that Cunningham suffered an injury-in-fact as required by Article III. Notably, there is no Fifth Circuit precedent that guides this Court on how to define injury-in-fact for a claim arising from the TCPA.

**A. A Missed Call Does Constitute an Injury-In-Fact Under the TCPA**

The Court finds Radius is incorrect in its assertion that a single missed call does not constitute an injury-in-fact sufficient to establish Article III standing. Here, Cunningham claims Radius made the call with an ATDS. (Dkt. #1 ¶ 10). In *Ybarra*, the Fifth Circuit stated "[a] party

6

who makes a call using an automatic telephone dialing system uses the *system* to make the call, regardless of whether the recipient answers, and thereby triggers TCPA liability." *Ybarra v. Dish Network, L.L.C.*, 807 F.3d 635, 641 (5th Cir. 2015) (emphasis in original). Accepting as true the allegations set forth in the complaint, the Court finds Cunningham has sufficiently pleaded facts showing TCPA liability has been triggered. Remaining still is the question of whether the liability under the Act is concrete enough to establish Article III standing.

Radius points toward the Eleventh Circuit in support of its contention that Cunningham lacks standing. Looking at *Salcedo v. Hanna*, Radius argues the singular missed call in this case is analogous to the single, unsolicited text message in *Salcedo*. *Salcedo v. Hanna*, 936 F.3d 1162 (11th Cir. 2019). In *Salcedo* the court found a single, unanswered text message was not sufficient to establish Article III standing. *Id*. at 1172-73. Radius further points to a Western District of Texas case that relies on the Eleventh Circuit's rationale in reaching the same conclusion under similar facts. In the Western District case, the plaintiff received an unsolicited text message, and the court found "the receipt of a single text message is not an injury in fact as required by Article III." *Cranor v. 5 Star Nutrition, LLC,* 2019 WL 8331601 at *3 (W.D. Tex. Nov. 27, 2019).

The facts here are distinguishable. At issue in this case is a missed call, not a single, unsolicited text message. It only takes one glance at a text message to recognize it is for an extended warranty for a car you have never owned or a cruise you have won from a raffle you never entered. A missed call with a familiar area code, on the other hand, is more difficult to immediately dismiss as an automated message. Further, following this Court's prior holdings and the rationale behind the TCPA, dismissal at the pleadings stage is not appropriate.

"Courts considering harm in connection with TCPA claims have noted that 'one of the purposes of the TCPA was to protect telephone subscribers from the 'nuisance' of unwanted

calls.'" *Morris v. Unitedhealthcare Ins. Co.*, 415CV00638ALMCAN, 2016 WL 7115973, at *5 (E.D. Tex. Nov. 9, 2016), *report and recommendation adopted*, 4:15-CV-638, 2016 WL 7104091 (E.D. Tex. Dec. 6, 2016) (Mazzant, J.) (citing *Martin v. Leading Edge Recovery Sols., LLC*, No. 11 C 5886, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) ); *see also Cunningham v. Rapid Response Monitoring Services, Inc.*, 251 F. Supp. 3d 1187, 1197 (M.D. Tenn. 2017) ("Unwanted telemarketing can be a 'nuisance' and 'an intrusive invasion of privacy.' ") (quoting *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (quoting TCPA, 105 Stat. 2394, note following 47 U.S.C. § 227) ). "In *Martin*, the district court analyzed whether the plaintiffs TCPA claims satisfied the injury-in-fact requirement of Article III. The district court found an injury-in-fact when the plaintiffs alleged they were forced to tend to unwanted calls—a privacy interest which Congress sought to protect." *Id.* (citing, 2012 WL 3292838, at *2; *In re Rules Implementing the Tel Consumer Prot. Act of 1991*, 30 FCC Rcd. At 7979-80).

"Where, as here, a case is at the pleading stage, the plaintiff must 'clearly ... allege facts demonstrating' each element" required to establish standing. *Spokeo*, 136 S.Ct. at 1547 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). Cunningham alleges that "Defendant Radius wasted Plaintiff's time by causing his phone to ring and distracting him from his work." (Dkt. #7 at p. 2-3). At this early stage in the proceedings, the Court finds that Plaintiff's allegations relating to the nuisance of such call is sufficient to establish an injury-in-fact. *See Jamison v. Esurance Ins. Servs., Inc.*, No. 3:15-CV-2484-B, 2016 WL 320646, at *2–3 (N.D. Tex. Jan. 27, 2016) (finding an injury-in-fact at the pleading stage when plaintiff suffered an occupation of his telephone line); *Morris*, 2016 WL 7115973, at *6 (finding an injury-in-fact where Plaintiff was annoyed and harassed by unwanted telemarketing calls); *Cunningham v. Rapid Response Monitoring Services,*

8

*Inc.*, 251 F. Supp. 3d 1187, 1197 (M.D. Tenn. 2017) (finding an injury-in-fact at the pleading stage when plaintiff alleged harassment and annoyance at receiving telemarketing calls).

### II.  Motion to Dismiss for Failure to State a Claim Under the TCPA

The TCPA defines "automatic telephone dialing system" as equipment with the capacity to "store or produce telephone numbers to be called, using a random or sequential number generator" and to dial such numbers. 47 U.S.C. § 227(a). In its motion to dismiss Radius states Cunningham failed to state a claim for a violation of the TCPA because Cunningham "alleges nothing more than a formulaic recitation of the elements of a cause of action." (Dkt. #6 at p. 8). The Federal Rules of Civil Procedure require a plaintiff only to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 556 U.S. at 678. In some TCPA cases, courts have found sufficient a complaint that contains only a bare recitation that an ATDS was used.[1]

There is no binding Fifth Circuit precedent as Radius points out in its Motion. (Dkt. #6 p. 7). Radius argues both that Cunningham did not correctly show that Radius called with an ATDS and that Cunningham merely provided a formulaic recitation of the elements of a cause of action. (Dkt. #6 pp. 6-8). Here, however, Cunningham did not merely state the elements of the cause of action but also stated Radius' employee admitted to using an ATDS. (Dkt. #1 ¶ 10). At this early stage, the Court finds that the Complaint states sufficient facts to survive dismissal. Thus, the court

---

[1] *See, e.g., Hashw v. Dep't Stores Nat'l Bank*, 986 F.Supp.2d 1058, 1061 (D. Minn. 2013) ("Hashw has pleaded that an ATDS was used to make the calls to his cellular phone. As the Court must accept that allegation as true at this juncture, nothing more is required to state a claim for relief under the TCPA.") (citation omitted); *Torres v. Nat'l Enter. Sys., Inc.*, 2012 WL 3245520, at *3 (N.D. Ill. Aug. 7, 2012) (plaintiff's allegation that defendant used an ATDS or an artificial or prerecorded voice sufficed to avoid dismissal for failure to state a claim); *Buslepp v. B & B Entm't, LLC*, 2012 WL 1571410, at *1 (S.D. Fla. May 3, 2012) ("the allegation that Defendant used [an ATDS] ... is a factual allegation under *Twombly* and *Iqbal*").

concludes that Cunningham has pleaded adequate facts connecting Radius with the alleged misconduct, and therefore, adequately asserts a claim under § 227(b) of the TCPA. Accordingly, Radius' Motion to Dismiss Cunningham's TCPA under Rule 12(b)(6) should be denied.

### III. Motion to Dismiss for Failure to State a Claim Under the Texas Business and Commerce Code § 305.053

The Texas Business and Commerce Code § 305.053 states "[a] person who receives a communication that violates 47 U.S.C. Section 227 [the TCPA], a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication. . . ." Tex. Bus. & Com. Code § 305.053(a). As analyzed above, Cunningham has pleaded adequate facts to avoid dismissal of his TCPA claim under Rule 12(b)(6), and because he can maintain his TCPA claims, dismissal of Cunningham's claim under the Texas Business and Commerce Code § 305.053 would be inappropriate at this stage. Accordingly, Radius' Motion to Dismiss Cunningham's Texas Business and Commerce Code § 305.053 claim under Rule 12(b)(6) should be denied.

### IV. Motion to Dismiss for Failure to State a Claim Under the FDCPA

Cunningham also asserts claims against Radius under the FDCPA. (Dkt. #1 ¶ 4). The FDCPA seeks "to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors." *Peter v. GC Servs. L.P.*, 310 F.3d 344, 351–52 (5th Cir. 2002) (citation omitted); *see also* 15 U.S.C. § 1692(e); *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010). The FDCPA prohibits a debt collector from making "false, deceptive, and misleading misrepresentations in connection with debt collection" and from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §§ 1962e and 1962f. The Act also requires a debt collector, within five days after its "initial communication with a consumer in

connection with the collection of any debt," to provide the consumer with certain disclosures, including her right to dispute or request validation of the debt. *See id.* § 1692g(a).

In Cunningham's response, he states Radius violated the FDCPA by causing his phone to ring. (Dkt. #7 at p. 3). Cunningham's interpretation of the FDCPA is incorrect. Under § 1692d(5) of the FDCPA, it states "the following conduct is a violation of this section: Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1629d(5). Cunningham asserts that merely causing the phone to ring is harassment, oppression, or abuse. (Dkt. #7 at p. 3). One phone call—and here, a missed phone call—is not sufficient to establish harassment, oppression or abuse. The phone calls must occur repeatedly or continuously, and even multiple calls will not reach the level of harassment, oppression, or abuse.[2] Here, Cunningham only received one missed call, and though that may be enough to trigger liability under the TCPA, one missed call is insufficient to establish harassment, oppression, or abuse under the FDCPA.

Further, Cunningham appears to claim—though not directly—that Radius violated the FDCPA when using an area code from Tennessee despite Radius not having any offices in Tennessee. (Dkt. #1 ¶¶ 8,9). Courts interpreting the FDCPA have found that using local caller ID numbers is not false, deceptive, or misleading in violation of the FDCPA. *Scheffler v. Integrity Financial Partners, Inc.*, 2013 WL 9768539 (D. Minn. Oct. 28, 2013) (finding using a local

---

[2] *See Karp v. Financial Recovery Srvcs, Inc.*, 2013 WL 6734110, at *6 (W.D. Tex. Dec. 18, 2017) ("[a] remarkable volume of telephone calls is permissible under FDCPA jurisprudence.") (citing *Zortman v. J.C. Christensen & Associates, Inc.,* 870 F.Supp.2d 694, 707 (D.Minn.2012) (citing *VanHorn v. Genpact Servs., LLC,* No. 09–1047–CV–S–GA F, 2011 WL 4565477, at * 1 (W.D.Mo. Feb.14, 2011) (114 calls in a four-month period); *Carman v. CBE Grp., Inc.,* 782 F.Supp.2d 1223, 1232 (D.Kan.2011) (149 calls in a two-month period); *Clingaman v. Certegy Payment Recovery Servs.,* No. H–10–2483, 2011 WL 2078629, at *5 (S.D.Tex. May 26, 2011) (55 calls over three-and-a-half months); *Tucker v. The CBE Group, Inc.,* 710 F.Supp.2d 1301 (M.D.Fla.2010) (57 calls, including 7 in one day)); *Clingman v. Certegy Payment Recovery Services*, 2011 WL 2078629 (N.D. Tex. Nov. 2, 2011) (finding 55 calls to Plaintiff's wife over a period of three and one-half months did not raise a genuine issue of material fact in support of Plaintiff's claim under § 1692d(5) of the FDCPA).

telephone number was not deceptive under the FDCPA when calling the number back contacted the Defendant debt collection company). Similarly, in this case, the number displayed on the phone routed Cunningham back to Radius indicating the number did in fact belong to Radius despite not having any offices in Tennessee.

Cunningham also asserts Radius failed to indicate the contact was being made in collection of a debt. (Dkt. #1 ¶ 14). Cunningham's argument fails because he did not answer the call and there was no voicemail on his phone. Without having answered the phone call, there was no opportunity or need for the caller—here, Radius—to state the call was made in connection with the collection of a debt.

In the present case, after having considered the complaint, Cunningham has failed to allege facts sufficient enough to establish a violation of the FDCPA. Accordingly, Radius' Motion to Dismiss Cunningham's FDCPA claim under Rule 12(b)(6) should be granted.

### V. Motion to Dismiss for Failure to State a Claim Under the TDCA

The Texas Finance Code § 392.302 states "[i]n a debt collection, a debt collector may not oppress, harass, or abuse a person by: causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number." Tex. Fin. Code § 392.302(4). As analyzed above, Cunningham has not pleaded adequate facts to avoid dismissal of his FDCPA claim under Rule 12(b)(6). With nearly identical language in the TDCA, the same analysis above applies here. Accordingly, for the same reasons as analyzed above, Radius' Motion to Dismiss Cunningham's Texas Finance Code § 392.302(4) claim under Rule 12(b)(6) should be granted.

## CONCLUSION

It is therefore **ORDERED** that defendant Radius' Motion to Dismiss for Lack of Subject Matter Jurisdiction and For Failure to State a Claim (Dkt. #6) is hereby **GRANTED IN PART** and **DENIED IN PART.**

This Court dismisses Cunningham's FDCPA claim and TDCA claim under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. All other relief requested is expressly denied.

**SIGNED this 14th day of September, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE