# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | § | |
| | § | |
| *Plaintiff,* | § | Civil Action No. 4:20-CV-00294 |
| | § | Judge Mazzant |
| v. | § | |
| | § | |
| RADIUS GLOBAL SOLUTIONS LLC and | § | |
| JOHN/JANE DOES 1-5, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Radius Global Solutions LLC's ("Radius") Motion to Dismiss Plaintiff's Claim for Lack of Subject Matter Jurisdiction or, Alternatively, for Summary Judgment (Dkt. #27). Having considered the motion and the relevant pleadings, the Court finds that the motion should be granted in part and denied in part.

## BACKGROUND

On February 11, 2021, Radius filed this Motion to Dismiss (Dkt. #27). On April 14, 2021, the Court ordered Craig Cunningham ("Cunningham") to file a response addressing the Motion and briefing the Court's recent decision in *Craig Cunningham v. Matrix Financial Services, LLC, et al.*, No. 4:19-cv-896, 2021 WL 1226618 (E.D. Tex. March 31, 2021), and how that case would affect the Court's jurisdiction. Cunningham filed his Response on April 30, 2021 (Dkt. #43), and Radius filed its Reply on May 7, 2021 (Dkt. #45).

Despite filing his Reply, Cunningham did not address *Matrix Financial Services* case like the Court asked. Even so, Radius urged that the Court did not have subject matter jurisdiction over

the Telephone Consumer Protection Act ("TCPA") Claim but still asked that the Court to exercise supplemental jurisdiction over the state law claim.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court lacks statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief. *Lane*, 529 F.3d at 557.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v.*

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). One statute, 28 U.S.C. § 1331, authorizes "federal question" jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." To determine whether federal question jurisdiction exists, courts apply the "well-pleaded complaint" rule. The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011).

When a court looks to the face of the plaintiff's well-pleaded complaint, one of two circumstances present a federal question establishing jurisdiction under § 1331. "Most directly, and most often, federal jurisdiction attaches when federal law creates the cause of action asserted." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1569 (2016); *see also Gunn*, 568 U.S. at 257 (citing *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)) ("Most directly, a case arises under federal law when federal law creates the cause of action asserted."). Therefore, if the Court finds a federally created cause of action on the face of the plaintiff's well-pleaded complaint, the Court may exercise federal question jurisdiction over the claim.

However, even if the court finds only state-created causes of action on the face of the plaintiff's well-pleaded complaint, "there is 'a special and small category of cases in which arising under jurisdiction still lies.'" *Manning*, 136 S. Ct. at 1569 (quoting *Gunn*, 568 U.S. at 258). To determine whether a case falls within this special and small category, courts ask "does [the] state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S.

308, 314 (2005). "That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. "Where all four of these requirements are met . . . jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Gunn*, 568 U.S. at 258 (quoting *Grable*, 545 U.S. at 313–14).

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Further, parties may raise objections to subject-matter jurisdiction at any time. *Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

## ANALYSIS

In its Motion to Dismiss, Radius presents the argument that the Court does not have subject matter jurisdiction to hear this case because the TCPA as it existed on April 20, 2020, was unconstitutional thus depriving the Court of subject matter jurisdiction (Dkt. #27 at p. 8).[1] Radius argues that *Barr v. Am. Ass'n of Political Consultants (AAPC),* supports its positions that the Court is without subject matter jurisdiction. 140 S. Ct. 2335 (2020).

Here, Cunningham brings a TCPA claim under the same provision as in *Matrix Financial Services.* 4:19-CV-896, 2021 WL 1226618, at *3. Having failed to brief the Court on the issue of

---

[1] The Court notes that the case was originally brought under federal question jurisdiction, and the Court will focus the analysis accordingly. The parties do not suggest that the Court has diversity jurisdiction, and the Court finds that it does not because the amount in controversy sought does not exceed the $75,000 threshold required under 28 U.S.C. § 1332.

subject matter jurisdiction, the Court finds it lacks subject matter jurisdiction for the same reasons discussed in *Matrix Financial Services*. 4:19-CV-896, 2021 WL 1226618, at *11 (". . . during that stretch of time, § 227(b)(1)(A)(iii) had no legal effect. Seeing as the § 227(b)(1)(A)(iii) violations [the plaintiff] alleges occurred during this time period, these statutory offenses are not constitutionally sound—and are therefore inoperative. Considering that the federal question forming the basis of the Court's subject matter jurisdiction is no longer present, the Court must dismiss this case for lack of subject matter jurisdiction.") (citations omitted). Consequently, the Court must dismiss Cunningham's TCPA claim for lack of subject matter jurisdiction.

Radius does ask the Court to keep Cunningham's state law claim under the Texas Business and Commerce Code § 305.053 by exercising its supplemental jurisdiction over the claim. "The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial . . . ." *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) (citation omitted). Despite Radius's urging, the Court declines to exercise supplemental jurisdiction to keep the remaining state-law claim. With neither a remaining federal question claim nor a trial date set, the Court finds it improper to retain the remaining claim.

## CONCLUSION

It is therefore **ORDERED** that defendant Radius' Motion to Dismiss Plaintiff's Claim for Lack of Subject Matter Jurisdiction or, Alternatively, for Summary Judgment (Dkt. #27) is hereby **GRANTED IN PART** and **DENIED IN PART.**

Cunningham's claims against Radius are hereby **DISMISSED WITHOUT PREJUDICE.** All relief not previously granted is **DENIED**. The Clerk is directed to **CLOSE** this civil action.

**SIGNED this 3rd day of June, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE